UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROGER G. CANUPP, JACOB MYERS,
LAWRENCE MCGEE, HUBERT DAVIDSON,
TYWAUN JACKSON, CHARLES DURDEN,

                Plaintiffs,

vs.                                Case No. 2:04-cv-260-FtM-99-DNF

ROBERT BUTTERWORTH, SECRETARY OF THE
DEPARTMENT OF CHILDREN AND FAMILIES,

                Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Objections to the Order of the Magistrate Judge Denying Plaintiffs' Motion to Compel (Doc. #158). Defendant Butterworth filed a Response in Opposition to Plaintiffs' Objections to the Order of the Magistrate Judge Denying Plaintiffs' Motion to Compel (Doc. #174), and Plaintiff filed Limited Reply to Defendant Butterworth's Response to Plaintiffs' Objections (Doc. #199). The Magistrate Judge's January 17, 2007 Order (Doc. #155) denied the production of documents related to residents with learning disabilities.

A district court reviews the non-dispositive orders of a magistrate judge to determine whether the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Court rejects plaintiffs' argument that the

discovery motion is a dispositive motion within the meaning of the statute and rule.

In their Motion to Compel (Doc. #123), Plaintiffs sought discovery of the following documents:

Request #7

all current policies, procedures, regulation, internal communications, training materials, and directives related to residents with learning disabilities at the Florida Civil Commitment Center.

Pl.'s Motion to Compel at 7. Plaintiffs agreed to further narrow and limit this request to "include only those documents related to programming or activities in the sex offender treatment program that are specifically geared toward individuals with learning disabilities." Id. at 7. Defendants objected (Docs. #124, 126) arguing that the request concerned documents outside the scope of this action because this suit is about the mental health treatment for sex offenders or the mentally ill, not about educational services to those with disabilities. Defendants argue that the Court did not certify a subclass on the issue of the adequacy of sex offender treatment for individuals with learning disabilities.

In the Class Certification Order, the Court rejected Plaintiffs broad request for certification of a class encompassing "all persons who are currently or will be confined involuntarily to the care and custody of the Florida Department of Children and Families pursuant to Fla. Stat." See Class Certification Order at 7-11. Thus, an individual who is civilly detained at the Florida

Civil Commitment Center ("FCCC") as a sexually violent predator pursuant to Fla. Stat. § 394 is not automatically eligible for class membership. Rather, the Court certified two distinct subclasses as follows:

> (1) Residents of the FCCC who (a) have been civilly committed to custody pursuant to §394.917, Fla. Stat. that they are sexually violent predators; or (b) have been detained to custody pursuant to §394.915 as probable cause sexually violent predators; and (c) who have consented to sex offender treatment, and are not receiving adequate sex offender treatment.
>
> (2) Residents of the FCCC who (a) have been civilly committed to custody pursuant to §394.917, Fla. Stat. that they are sexually violent predators; or (b) have been detained to custody pursuant to §394.915 as probable cause sexually violent predators; and (c) who have been diagnosed by a treating professional with a mental illness as defined by DSM-IV, and who are not receiving adequate treatment for their mental illness.

Id. at 15-16. With respect to these two distinct subclasses only, the Court found that "the Plaintiffs have satisfied the typicality requirement under Rule 23 (a)". Id. at 12.

It is not insignificant that the Court declined to include any mention of "learning disability" within either subclass definition or define a distinct subclass that would coincide with Plaintiffs' third cause of action predicated upon the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq*.[1]  Whether an individual has a "disability" as that term is defined in 42 U.S.C.

---

[1] Plaintiffs' Fourth Cause of Action alleging procedural due process violations was dismissed by the Court on March 14, 2005 (Doc. #62).

§ 12102(2), is more readily suited to an individualized inquiry on a case by case basis. Sutton v. United Airlines, 527 U.S. 471, 483 (1999); Davoll v. Webb, 194 F.3d 1116, 1146 (10th Cir. 1999). Consequently, as correctly stated by the magistrate judge, a resident with a learning disability may be a member of either the first or second subclass, not by virtue of the learning disability, but because he has consented to sex offender treatment and is not receiving adequate sex offender treatment, or he is unable to consent to sex offender treatment due to a mental illness and did not receive adequate mental health treatment.  Magistrate Order at 3.  Based upon the classes as certified, the Court finds that the Order of the magistrate judge is neither clearly erroneous or contrary to law.

ACCORDINGLY, it is hereby

**ORDERED**:

Plaintiffs' Objections to the Order of the Magistrate Judge Denying Plaintiffs' Motion to Compel (Doc. #158) is **OVERRULED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this   11th   day of September, 2008.

_____
JOHN E. STEELE
United States District Judge


SA: hmk
Copies: All Parties of Record
        The Honorable Douglas N. Frazier