FCCC # 1169; London
13619 SE Highway 70
Arcadia Fla. 34266-7829
September 11, 2009

Mrs. Suzonne Kline, Director
Department of Children and Families
1311 Winewood Blvd. Bldg 6
Tallahassee, Fla. 32399-0700

Dear Mrs. Kline,

    Thank you for your July 16, 2009 communication answering my July 6, 2009 letter "that the length of time to successfully complete treatment is individualized." I'm sure you picked this statement off of the '08 contract with GEO (Sect. 1 (a)(18) and p 95) But GEO is not performing up to standards.

    The F.A.C., 65 E-25.005 (1999) requires two very important things. One, treatment is to be sex offender specific. I'm in Thinking for a Change (T4C) which is NOT sex offender specific, this "treatment" last 3½ hours per week. GEO's contract calls for 10 hours per week of sex offender specific treatment.

    Two, the F.A.C. requires a comprehensive assessment which Dr. Donald Pake won't do yet. (See attached) The GEO contract (p. 111) states:

    "Over the course of the first 60 days after admission, each resident participates in as much of the comprehensive multidisciplinary assessment process as he or she is willing to undertake"

I was placed in a treatment dorm just after I arrived in September 2008 having signed up for treatment. GEO's contract (p. 127) requires an immediate screening. GEO's treatment chart shows this being done before taking MRT which was begun in September 2008 and completed in February 2009, yet Dr. Pake wants to put this off until after April 2010 which will be 3 months after my first annual review.

    Without a comprehensive assessment starting BEFORE therapy, the time spent in non- sex offender specific treatment is a waste of taxpayer's dollars. So if I have to sue, I'd expect the DCF to file a counter-claim to collect from GEO for wasting funds. This could be winnable as a staff member indicated there is no such thing as sex offender specific treatment.

    Additionally, the psychologist reports of Dr. Johnson and Bursten used unreliable information is filing out the Hare PCL-R, an unreliable instrument

used by GEO. (p 125)  My trial did not discuss the criteria, but our analysis shows it should have been 22, not 34 or 31.2.

My Index offense is different from the run of the mill in that:

1. No relationship was established with the victim's parents;
2. The victim was not groomed;
3. The incident did not involve:
    a. Sexual intercourse;
    b. Anal intercourse
    c. Oral sex;
    d. Digital penetration;
    e. Bestiality; or
    f. Masturbation;
4. No exposure was made, and
5. No nudity was involved.

I went to Patton State Hospital in San Bernardino California in 1976 completing an in hospital MDSO treatment followed by outpatient services, thus I should be entitled to skip T4C and other non-sex offender specific treatment.

I'm 71, retired and plan to marry Ms. Branson upon release. My attorney Ms. Melissa Presser has been asked by me to pursue outpatient treatment. You can contact her at (954) 713-1220.

Ms. Riddle, the records custodian will not comply with GEO contract by providing the Probable Cause Affidavit filed by Dect. Leon Dana in the index case (14129-cf 17th Judicial Cir.)  Nor will she try and secure from your records, Holly Fischer's, the 12-year-old victim, police report, and deposition and trial testimony. I'm entitled to this under F.S., Ch. 119

Lastly, Dr. Laurmore put me in for treatment at the Tampa Laser Spine Institute to relieve by back pains which started in 1968 and the arthritic condition.  GEO has not approved, again in violation of their contract.  (If on outpatient, I can do this myself.)

Could you please address these concerns?

Thank you,

D. R. Erickson

Cc:  file
     Mellisa Presser
     Mr. McCawley
     Dr. Robin Wilson
     Mr. Wayne Calabrese