FILED

10 APR 16 AM 11: 14

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

IN THE DISTRICT COURT OF FLORIDA

MIDDLE DISTRICT, FT. MYERS DIVISION

CANUPP, ET AL., Plaintiff(s)

Vs.  CASE NO. 2:04-CV-260-UA-DNF

SHELDON, Defendant.

_____/

## NOTICE OF APPEAL

COMES NOW, Michael C. Donovan, FCCC #991007, a member of the class affected by the decision reached in the above styled cause, and files this Notice of Appeal regarding the Settlement reached in this case. In support of this Notice, plaintiff states:

1. Defendant is noncompliant with the "improvements" alleged within the Settlement.
2. Mr. Donovan has never had an opportunity to be heard contrary to the contents of the Proposed Settlement.
3. Mr. Donovan objects to other residents speaking for him or on his behalf.
4. The contents of Mr. Donovan's objections to the Proposed Settlement were never addressed.
5. Mr. Donovan's convictions qualifying him for involuntary civil commitment are erroneous and based on the 18th Judicial Circuit Court's failure to inform him of the direct consequences of his May 11, 1995 no contest plea consisting of a withheld adjudication of guilt wherein this plea was treated as a prior conviction on his criminal

1

history record qualifying him for the Habitual Violent Felony Offender enhancement and an extended term of incarceration and a 7-year sentence for a 3rd degree felony violation punishable by a maximum of 5-years in prison wherein he served 7-years in prison while he should not have been "in custody" when the State filed its Petition seeking his involuntary civil commitment pursuant to the Ryce Act. Mr. Donovan's 1999/2000 privately retained Board Certified Criminal Defense Trial Attorney's, Funk & Szachacz, PA, were completely unaware of any prior conviction on Donovan's record (ignorance of the laws applicable to the case) until 9/12/2000 when they informed the Sentencing Judge, Randolph Bentley, of their ignorance of any prior conviction on Donovan's record (precluding proper conveyance of any subsequent plea offer(s)), and the Court imposed the HVFO enhancement regardless of counsel's ineffectiveness and ignorance of the law. The Court precluded Donovan from filing a legitimate rule 3.850 motion when it treated a letter filed in Polk County as a motion pursuant to rule 3.850 in Brevard County only to deny this letter/motion as "successive" knowing Donovan had not filed any previous rule 3.850 motion in case no. 05-1999-CF-029181-AXXX that was not denied without prejudice informing Donovan to file a timely and "sworn" rule 3.850 motion. Donovan's letter/motion was never intended to be treated as a rule .3850 motion as it was not sworn to and did not comply with the requirements set out in rule 3.850 (c). However, the 5th DCA refused to acknowledge any New Case on Donovan's behalf based on having previously "WARNED" him from attacking his 1994 conviction/sentence within his 1999 conviction/sentence knowing the 1994 conviction was used to impose the HVFO enhancement within the 1999 sentence while Donovan and his attorneys were completely unaware of the "direct consequences" of that illegally induced plea, not made voluntarily

with a full understanding of the nature of the charge (stipulated as NONVIOLENT) or the consequences of the plea (a FELONY CONVICTION regardless of the withholding of adjudication). Counsel's ineffectiveness and ignorance of the laws applicable to the case(s) (943.0435 and 775.084, FS) demands post-conviction relief and vacating the HVFO sentencing enhancement which would have had Donovan "out of custody" no later than June 2005 for the 3rd degree felony, attempted sexual battery-NONVIOLENT FORCE, scoring 28-pts on a Sentencing Guideline Score Sheet (28-pts does not score-out to any prison sentence).

6. From 6/16/07- present, Defendant has never provided Mr. Donovan or any other resident housed within the FCCC "10-hours of 'treatment' per week" and when Donovan brought this discrepancy to the attention of his Clinician, Ms. Schau, and the Team Leader, Mr. Michael Reynolds during a Dorm Meeting, (Dorm Meetings are treated as one-hour of "treatment" as are the 2-hours of Study time provided to residents in Phase Two) he was misadvised that residents in Phase Two of FCCC's Four Phase Comprehensive Treatment Program (CTP) receive 10-hours of treatment per week, which they do not, and unnecessarily prolongs a resident's involuntary civil commitment to financially benefit the GEO Group, Inc. at the expense of every resident and resident's families misery.

7. Most residents within Mr. Cannups group are not capable of completing MRT, T4C, TRY, or Phase One of FCCC's Four Phase CTP and will remain in Phase One of the CTP where they are provided only 4-hours of "treatment" beginning with a Class called Moral Reconation Therapy prior to enrolling into Thinking for a Change and TRY, none of which are sex offender specific, yet are required prior to enrolment into FCCC's C Phase Two, further prolonging a resident's involuntary civil commitment while being forced to

enroll into classes that are not sex offender specific at the benefit of the GEO Group, Inc. Phase One does not incorporate 2-hours of Study Time, yet, according to Clinical Staff does incorporate the Weekly Meetings in the Dorms that last an average of 20-minutes wherein Clinical Staff stir up a Bee's Nest prior to leaving without accomplishing anything beneficial to those living in the Dorm.

8. FCCC is not a Mental Hospital and is run as it were a Maximum Security Prison, especially for those with Mr. Cannup's group, as I have lived in F-dorm at the old facility and Rivers (Peace) at the new facility where those men are denied appropriate recreational time, proper treatment, and warehoused in violation of their fundamental rights, more-so than other residents at FCCC.

WHEREFORE, Mr. Michael C. Donovan, plaintiff, files this Notice of Appeal as a Class member who has standing to appeal the order and final judgment and seek review by the Eleventh Circuit Court of Appeal by filing with the Federal District Court at United States Courthouse, 2110 1st Street, Ft. Myers, Florida 33901.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a correct copy of the foregoing was furnished to the US Courthouse, 2110 1st Street, Ft. Myers, FL 33901 on this 21st day of December 2009.

*[signature: Michael Donovan]*

Michael C. Donovan, plaintiff, pro se
FCCC # 991007
13619 SE Hwy 70
Arcadia, FL 34266