UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

2:04cv260-UA-DNF

No. 10-10135 -DD

District Court Docket No.
2:04-cv-00260-UA-DNF

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 1, 2011
JOHN LEY
CLERK

ROGER G. CANUPP,
individually and on behalf of a Class of all
persons similarly situated, et al.,

    Plaintiffs-Appellees,

MICHAEL C. DONOVAN,

    Movant - Appellant,

versus

LIBERTY BEHAVIORAL HEALTHCARE CORP., et al.,

    Defendants,

GEORGE H. SHELDON,
Secretary of the Department of
Children and Families,

    Defendant - Appellee.

Appeal from the United States District Court for the
Middle District of Florida

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: December 01, 2011
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

Issued as Mandate:
February 24, 2012

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 10-10135
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 1, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:04-cv-00260-UA-DNF

ROGER G. CANUPP,
individually and on behalf of a Class of all
persons similarly situated, et al.,

Plaintiffs-Appellees,

MICHAEL C. DONOVAN,

Movant-Appellant,

versus

LIBERTY BEHAVIORAL HEALTHCARE CORP., et al.,

Defendants,

GEORGE H. SHELDON,
Secretary of the Department of
Children and Families,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

(December 1, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Michael C. Donovan, proceeding *pro se*, appeals the district court's judgment approving a class-action settlement agreement in a conditions-of-confinement suit, brought pursuant to 42 U.S.C. § 1983, against the Florida Civil Commitment Center ("FCCC"). Donovan argues (1) that the FCCC is violating federal law by failing to provide an effective sex offender treatment program that would allow him to meet the requirements for release from involuntary civil commitment; (2) that the FCCC is providing inadequate mental health services that would allow him to meet the requirements for release from involuntary civil commitment; and (3) that the FCCC is violating his right to procedural due process through its use of punitive confinement.[1]

---

[1] Donovan also argues that the FCCC is failing to accommodate residents with disabilities and that the court's judgment fails to contain an oversight provision. Because Donovan raises these issues for the first time on appeal, we do not consider them. *See Access Now v. Sw. Airlines Co.*, 385 F.3d 1324, 1330-31 (11th Cir. 2004) (declining to consider issues, arguments or legal theories not raised initially before the district court).

2

We review a district court's approval of a class-action settlement agreement for abuse of discretion. *Leverso v. SouthTrust Bank of Ala.*, 18 F.3d 1527, 1531 (11th Cir. 1994).

> Rule 23(e) . . . does not provide any standards for such approval. It is now abundantly clear, however, that in order to approve a settlement, the district court must find that it "is fair, adequate and reasonable and is not the product of collusion between the parties." Cotton v. Hinton, 559 F.2d 1326, 1330 (5th Cir.1977). . . . In addition, our judgment is informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement. See United States v. City of Miami, 614 F.2d 1322, 1344 (5th Cir.1980).

*Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (footnotes and citations omitted).

The following factors inform the court as to whether the terms of a class-action settlement agreement are fair, reasonable, and adequate:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Id.* In considering the settlement, the court is entitled to rely upon the judgment of experienced counsel for the parties. *Cotton v. Hinton*, 559 F.2d 1326, 1330 (11th Cir. 1977). "Indeed, the trial court, absent fraud, collusion, or the like, should be

3

hesitant to substitute its own judgment for that of counsel." *Id.* Finally, the court should examine the settlement in light of the objections, and provide a reasoned response to those objections. *Id.* at 1331.

The district court did not abuse its discretion by approving the settlement agreement as fair, adequate, and reasonable because it properly considered the factors enumerated in the standard set forth by this court, explained its findings, and addressed Donovan's objections.

**AFFIRMED.**